UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BEVERLY SUMANTI; | No. |
| Plaintiff, | COMPLAINT |
| vs. | |
| PAT LASHWAY, in her official capacity as Secretary of the Washington State Department of Social and Health Services; JOHN DOE 1, in his personal capacity; JOHN DOE 2, in his personal capacity; | |
| Defendants. | |

## I. PRELIMINARY STATEMENT

This Court is asked to decide whether a state agency  may, without notice or hearing, impose serious adverse findings against a person accused of child abuse or neglect that prevent them from obtaining or maintaining employment in a broad range of occupations. In violation of the Fourteenth Amendment's Due Process Clause, the accused receive no notice of these findings prior to their imposition. Further compounding this violation, the state agency, the Department of Social and Health Services, routinely ignores its own mandatory deadlines for providing review of these findings, subjecting the accused to a lengthy and complex

**Northwest Justice Project**
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

administrative hearing process that often takes in excess of a year to resolve. While attempting to reverse the findings, the accused may lose their employment during a routine background check or find themselves denied employment. The Department's system holds the accused guilty until they prove themselves innocent—no matter how many months or years it takes to do so—with the consequential loss of employment opportunity attached to such status.

Because due process requires notice and an opportunity to be heard prior to a deprivation or, at the least, some prior notice and a speedy and adequate remedy after the deprivation, the state's practice and policy for imposing administrative abuse or neglect findings violates the United States Constitution and should be enjoined.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, and 28 U.S.C. § 1343 (3), (4) which confer original jurisdiction on the federal district courts for all claims asserted under 42 U.S.C. § 1983 to redress deprivations of rights, privileges, or immunities guaranteed by Acts of Congress and the United States Constitution.

2. Plaintiff seeks declaratory, injunctive, and other appropriate relief pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 2201, 2202, and Fed. R. Civ. P. 57 and 65.

3. Venue lies properly in this District pursuant to 28 U.S.C. § 1391 (b). A substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in King County, Washington, and the Defendants do business in King County and the Western District of Washington.

**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519  Fax: (206) 624-7501**

### III. PARTIES

4. Beverly Sumanti is a 39-year-old nurse, residing in King County, Washington.

5. Defendant Pat Lashway is the Secretary of the Washington State Department of Social and Health Services ("the Department"), a state agency overseeing the activities of Child Protective Services within the state of Washington and doing business in King County, Washington. Defendant Lashway is sued in her official capacity only. All acts or omissions alleged to have been taken by Defendant Lashway or the Department were taken under color of state law.

6. Defendants John Doe 1 and John Doe 2 are employees of the Department, with responsibilities for entering "founded" findings of neglect into the Department's database "FamLink" and for providing supervisory review of child abuse or neglect findings within King County. The identities of these defendants are unknown to the plaintiff at the present time but will be identified through discovery. John Doe 1 and John Doe 2 are sued in their personal capacity as, respectively, a social worker charged with investigating and entering founded findings into the Department's database and as a supervisor responsible for reviewing initial findings of child abuse or neglect. All acts or omissions alleged to have been taken by John Doe 1 and John Doe 2 were taken under color of state law.


### IV. FACTUAL ALLEGATIONS

**A.  Facts specific to CPS and CPS policies**

7. Child Protective Services (CPS) is part of a division of the Department of Social and Health Services under the supervision and direction of Defendant Lashway.

**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519  Fax: (206) 624-7501**

8. CPS has authority to investigate allegations of child abuse or neglect.

9. CPS may impose administrative findings of abuse or neglect against an accused person if the allegations are supported by a preponderance of the evidence that CPS considers. These are called "founded findings".

10. Under state law, CPS must complete its investigation and issue a finding (as founded or unfounded) within 90 days after CPS receives a report of possible abuse or neglect. One exception to this deadline does not apply in this case.

11. CPS regularly fails to make findings within the time imposed by its statutory investigation deadline.

12. Once made, and pursuant to the Department's policy and practice, CPS immediately enters findings of child abuse and neglect into a database available to potential and current employers, state agencies supervising people who provide care to children, and others as authorized by law.

13. CPS is required by RCW 26.44.125 to notify the accused of the outcome of its investigation and their right to seek review and challenge the finding.

14. Any finding of abuse or neglect in the CPS database imposes a stigma on the accused and automatically disqualifies them from a wide range of occupations that they may lawfully engage in under state law.

15. A CPS finding of abuse or neglect on her record prevents or substantially interferes with the plaintiff working as a licensed practical nurse in the state of Washington.

16. After entering the finding in its database, CPS's policy is to notify the accused person of the finding by certified mail.

**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519  Fax: (206) 624-7501**

17. Upon information and belief, CPS founded finding letters routinely fail to disclose the evidence upon which the finding relied.

18. If the accused person requests review of the finding, a CPS supervisor must review the finding and determine if it should remain in the database as "founded".

19. Under state law, this supervisor review must be made within 30 days of receiving the request from the accused person.

20. During the review process, the accused person may submit additional information to their CPS file but has no right to cross-examine witnesses, no opportunity for an in-person meeting with the supervisor, and no ability to compel witnesses to provide testimony or evidence.

21. Letters to accused persons documenting CPS supervisor reviews routinely do not cite the evidence relied upon by the supervisor in completing review.

22. If the CPS supervisor upholds the finding, the accused person may request a hearing before an administrative law judge (ALJ).

23. Under state statute, the person may not request a hearing with an administrative law judge unless and until they seek review by a CPS supervisor and receive a review decision upholding the finding.

24. There is no process to stay or remove the finding from the CPS FamLink database or note any conditional or "in appeal" status during the CPS internal review process.

25. Department regulations prohibit CPS from reversing findings until the completion of the administrative review process.

26. Upon information and belief, hearings before an administrative law judge can take in

**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519  Fax: (206) 624-7501**

excess of a year to be fully scheduled, completed, and finally decided from the time the accused

person requests review by an ALJ.

27. Internal supervisor review or administrative hearings do not compensate a person for

lost wages or lost employment opportunity caused by the finding while waiting for final agency

action if allegations of abuse or neglect are eventually determined by CPS or a judge to be

unfounded.

28. Internal supervisor review or administrative hearings do not restore a person to

employment from which they were terminated due to an administrative finding of abuse or

neglect imposed prior to due process of law.

29. Neither internal review nor the administrative hearing process provide compensation

for lost wages or employment opportunity to a person who successfully challenges their

finding.

**B.  Facts specific to Ms. Sumanti**

30. Beverly Sumanti is the mother of three children and resides in Seattle, Washington.

31. Ms. Sumanti worked as a licensed practical nurse in King County, Washington and is

licensed by the state of Washington to perform this work.

32. On or about April 10, 2015, plaintiff became the subject of a Child Protective Services

("CPS") investigation regarding alleged negligent treatment of her minor children.

33. CPS investigated allegations of physical abuse by the plaintiff against one of her

children. CPS determined that no physical abuse occurred, but removed the children from the

home because "the home [wa]s not calm enough" for CPS to offer the family services in their

home.

**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519  Fax: (206) 624-7501**

34. Some time prior to August 6, 2016, CPS, through John Does 1 and 2, made an administrative finding of neglect against the plaintiff regarding the April 15, 2015 allegation.

35. Upon information and belief, on or before August 6, 2016, John Does 1 and 2 entered a founded finding of neglect against Plaintiff into the FamLink database.

36. Upon entry, this finding immediately had the full force and effect of disqualifying Ms. Sumanti from employment as an LPN at a nursing home and in many other settings.

37. Plaintiff applied for, and was accepted for a job at a nursing home in Seattle around August 1, 2016.

38. On August 6, 2016, this nursing home received the results of plaintiff's background check, showing that she was automatically disqualified from employment because of the founded finding.

39. A CPS founded finding may cause the plaintiff to lose her license to work as a nurse.

40. This background check was the first time plaintiff realized she had a founded finding of abuse or neglect. She did not receive the job at the nursing home because of it.

41. Plaintiff attempted to request internal review of her founded finding on November 12 and November 25 of 2016, but the letters to CPS were returned as undeliverable. She sent the letter a third time and it was not returned, nor did plaintiff hear back from CPS that it accepted the letter for internal review.

42. Plaintiff requested review of her finding with the Office of Administrative Hearings on or about November 29, 2016.

43. Plaintiff did not abuse or neglect her minor children.

44. CPS's allegations of neglect have no relationship to Plaintiff's fitness to work as a

**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519  Fax: (206) 624-7501**

1    licensed practical nurse with children or vulnerable adults.

2        45. Other than placing an administrative finding of neglect on her record, Defendants or

3    their agents have taken no action to prevent Plaintiff from working as a nurse or in providing

4    care to vulnerable adults or children.

5        46. No emergency existed justifying immediate termination of plaintiff's ability to work as a

6    licensed practical nurse in the care of vulnerable adults or children prior to review of her

7    founded finding.

8        47. Plaintiff is harmed by the denial of pre-deprivation due process and has lost

9    employment as a licensed practical nurse because of the finding being implemented prior to

10   her receiving due process of law.

**VI. IRREPARABLE HARM**

        48. The Plaintiff is irreparably harmed by the Defendants' delay in completing review and

13   their failure to provide her due process prior to depriving her of property and liberty interests.

        49.  The Plaintiff continues to suffer stigma, loss of her current employment, substantial

15   infringement on her ability to work, and disqualification from other employment in a field of

16   her choosing because of the Defendants' actions.

        50. It is in the public interest to require the Department and Defendants John Doe 1 and

19   John Doe 2 to comply with state and federal law.

**VII. CLAIMS FOR RELIEF**

**A.  First Claim for Relief: Denial of Procedural Due Process (all defendants)**

22   51. Plaintiff incorporates and realleges paragraphs 1- 50 above.

23   52. The Plaintiff has a protected liberty interest in pursuing employment in a field of her

**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519  Fax: (206) 624-7501**

choosing and in maintaining that employment free from interference by the state.

53. The Plaintiff has a protected property interest in maintaining her nursing license and ability to work under her license.

54. Defendants have failed to provide plaintiff with procedural due process. Defendants deprived plaintiff of her liberty interest several months before providing her any notice or opportunity for a meaningful hearing. The notice provided by the defendants was inadequate to inform plaintiff of the circumstances surrounding her neglect allegation.

55. Defendants have failed to provide plaintiff with procedural due process because Defendants' hearing process imposes an unreasonable delay before an accused person has an opportunity for hearing; further, Defendants' post-termination hearing procedures are inadequate to justify Defendants' failure to provide pre-deprivation due process.

56. Defendants' failure to follow legislatively imposed timelines for investigation and review of the CPS findings, and the undue delay in completing its investigation, violates the Plaintiff's right to procedural due process.

57. Under color of state law, the Defendants have a custom and practice of failing to timely provide for pre-deprivation due process, including notice and an opportunity to respond prior to a deprivation of a protected interest, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

58. Under color of state law, the Defendants have a custom and practice of failing to timely provide for post-deprivation due process, including a meaningful and adequate hearing capable of restoring the accused's liberty and property, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519  Fax: (206) 624-7501**

59. The Defendants' actions deprive plaintiff of rights, privileges, or immunities secured to her by the United States Constitution and statutes or regulations in violation of 42 U.S.C. § 1983.

60. Plaintiff is harmed as a result and is entitled to equitable relief against defendant Lashway. Further, plaintiff is harmed as a result of the actions of John Doe 1 and John Doe 2 and is entitled to damages and equitable relief against those defendants.

## VIII. REQUISITES FOR RELIEF

61. Pursuant to the factual allegations set forth above, an actual controversy has arisen and continues to exist between Plaintiff and the Defendants. Plaintiff alleges that her rights under the Constitution and the laws of the United States are being violated and that the Defendants are responsible for enforcing and complying with those laws. This Court's declaratory relief is therefore necessary and appropriate.

62. The Defendants' failure to comply with the laws and Constitution of the United States has resulted in and continues to cause irreparable harm to the plaintiff. Plaintiff has no plain, adequate, or complete remedy at law to address these wrongs. This Court's injunctive relief is necessary and appropriate to restrain the Defendants from further violating Plaintiff's rights.

## IX. PRAYER FOR RELIEF

Plaintiff prays for the following relief:

1.  A declaration that Defendants' policies and procedures fail to provide procedural due process because Defendants do not provide notice or an opportunity for a hearing prior to the

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

imposition of the founded finding and the impairment of Plaintiff's liberty and property interests;

2. A declaration that Defendants' current process for implementing findings and its systemic delays in completing its investigation and supervisory review render its post-deprivation remedies inadequate to provide procedural due process of law;

3. A declaration that Defendants have violated Plaintiff's right to procedural due process by failing to comply with legislatively imposed timeframes for notification of the results of an investigation to an accused person;

4. A declaration that Defendants' process for providing a full administrative hearing before an Administrative Law Judge fails to provide adequate post-deprivation due process because it is unduly delayed and fails to make the accused person whole;

5. A declaration that Defendants have violated Plaintiffs' rights to procedural due process by depriving plaintiff of her liberty interest and failing to take final action within a reasonable amount of time, pursuant to the due process protections of the Fourteenth Amendment to the United States Constitution;

6. Grant temporary, preliminary, and permanent injunctive relief:

   (a) Prohibiting Defendants from imposing founded findings of abuse or neglect against a person accused without first providing notice and an opportunity for a hearing;

   (b) Directing Defendants to provide Plaintiff with a meaningful hearing at a meaningful time prior to imposing any administrative findings against her;

   (c) Directing Defendants to provide Plaintiff with  due process whereby she may be meaningfully compensated and made whole if she successfully reverses the founded

**Northwest Justice Project**
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

findings against her;

7.  As to John Does 1 and 2 only, Ms. Sumanti's damages in an amount to be determined at

trial;

8.  Waive the requirement for the posting of any bond or security for the entry of

temporary, preliminary, or permanent injunctive relief;

9.  Award the plaintiff her costs and reasonable attorneys' fees pursuant to 42 U.S.C. §

1988 and any other applicable law or regulation;

10. Order such other relief as the Court deems proper or in the interests of justice.

DATED this 20th day of January, 2017.

**NORTHWEST JUSTICE PROJECT**


By: s/Scott Crain
Scott Crain, WSBA #37224

Attorneys for Plaintiff
401 Second Ave. S #407
Seattle, Washington 98104
Telephone 206-707-0900
Email: scottc@nwjustice.org

**Northwest Justice Project**
**401 Second Avenue S, Suite 407**
**Seattle, Washington 98104**
**Phone: (206) 464-1519  Fax: (206) 624-7501**