HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BEVERLY SUMANTI,

        Plaintiff,

vs.

CHERYL STRANGE, in her official capacity as Secretary of the Washington State Department of Social and Health Services; and DAVID RICHARDS,

        Defendants.

No. 2:17-cv-00080 RAJ

ORDER

This matter comes before the Court on the parties' motions for summary judgment. Dkt. ## 23, 27. Having reviewed the parties' briefs, supporting documents, and balance of the record, the Court finds oral argument unnecessary. For the reasons that follow, the Court **GRANTS** Defendants' motion. Dkt. # 27.

## I.    BACKGROUND

Plaintiff is the mother of three children and worked as a licensed practical nurse. Dkt. # 23 at 8. In April 2015, Child Protective Services (CPS) investigated Plaintiff for allegations of physical abuse and negligent treatment of her three children.[1] *Id.* CPS

---

[1] Defendant David Richards is a supervisor in Children's Administration, which is the entity within the Department of Social and Health Services required by statute to provide child welfare services to children, youth, and families. *See* Dkt. # 27 at 2, 22. A percentage of requests made to CA for intervention are reported to CPS. *Id.* at 2.

Order - 1

removed the children from Plaintiff's home and made a founded finding[2] against Plaintiff for negligent treatment of the children. *Id.* The finding was entered into a database that was searchable by Plaintiff's employer. *Id.* The finding was sent by certified mail to Plaintiff's home address and Plaintiff's mother signed for the letter. *Id.* Plaintiff denies that she received the letter explaining the founded finding. *Id.* at 8-9.

In August 2016, Plaintiff began working at a nursing home caring for vulnerable adults. *Id.* at 9. Plaintiff claims that the nursing home received the results of her background check and, because the finding appeared on the background check, Plaintiff was automatically disqualified from employment. *Id.*

In November 2016, Plaintiff sought review of the finding. *Id.* In December, Plaintiff learned that the finding was upheld and soon thereafter sought preliminary relief. *See* Dkt. # 2. In February, the finding was reversed due to a procedural flaw and this was immediately updated in the database used by employers. Dkt. ## 23 at 10, 27 at 7-8. Defendants assure Plaintiff and this Court that they lack any "legal authority to revisit or review an unfounded finding and so this result will remain." Dkt. # 27 at 8. In March 2017, Plaintiff found employment once more as a nurse caring for vulnerable adults. Dkt. # 23 at 11.

Plaintiff takes issue with the Department of Social and Health Services' (DSHS) policy of immediately reporting founded findings into a database reviewable by employers. Dkt. # 23 at 11. She argues that CPS Policy requires that the findings remain in place pending review or appeal. *Id.* Plaintiff further argues that the appeal process can take upwards of one year to complete; during which time the finding remains reported and reviewable by employers. *Id.* at 13.

Even though Plaintiff's finding was reversed, she states that because she has a history of unfounded CPS findings, she is at a higher risk than others to be subjected to

---

[2] A founded finding means that more likely than not child abuse or neglect occurred. *See* Dkt. # 27 at 2.

Order - 2

CPS investigations in the future. Dkt. # 23 at 15. Plaintiff filed this lawsuit, seeking declaratory and injunctive relief, because she alleges that Defendants deprive people of their due process rights by administratively barring their employment without proper notice and a hearing. *Id.* at 16. Defendants' defense rests, in part, on Plaintiff's failure to prove she has standing to bring this case in federal court. *See* Dkt. # 27.

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000). Credibility determinations and the weighing of the evidence are jury functions, not those of a judge. *Anderson*, 477 U.S. at 255. For purposes of summary judgment, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)).

In resolving a motion for summary judgment, the court may only consider admissible evidence. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002). At the

summary judgment stage, a court focuses on the admissibility of the evidence's content, not on the admissibility of the evidence's form. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

### III. DISCUSSION

#### A. *Standing*

Defendants challenge Plaintiff's standing to bring this lawsuit. Dkt. # 27 at 8. To establish Article III standing, a plaintiff must have suffered an "injury in fact," which is an "invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent" as opposed to conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff's injury must be causally connected to the defendant's unlawful conduct. *Id.* Finally, it must be "likely, as opposed to merely speculative," that a favorable decision from the court will redress the injury. *Id.* at 561. The party invoking federal jurisdiction bears the burden of establishing the Article III "triad of injury in fact, causation, and redressability." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103 (1998).

1. *Injury In Fact*

Plaintiff argues that she has an injury in fact because she is at great risk of future harm. Dkt. # 36 at 3. She claims that due to her history with CPS investigations, she is "at a 35 to 40 percent risk of again being investigated by CPS." Dkt. # 36 at 4-5; *see also* Dkt. # 23 at 15-16 (stating that Plaintiff's risk of investigation is "as high as 35 to 40 percent, compared to 5 percent in the general population"). She analogizes her situation to that in *Central Delta Water Agency v. United States* in which "a credible threat of harm" was sufficient to satisfy the injury requirement in the standing analysis. Dkt. # 36 at 3; *See also Central Delta Water Agency v. U.S.*, 306 F.3d 938, 950 (9th Cir. 2002). She further compares her case to *Honig v. Doe* in which the plaintiffs' claimed injuries were "capable of repetition, yet evading review." Dkt. # 36 at 4-5; *see also Honig v. Doe*, 484 U.S. 305, 318 (1988).

Order - 4

In *Central Delta Water Agency*, the Ninth Circuit found that when a plaintiff alleges an environment injury, then a showing of significant risk can be sufficient to meet the injury requirement in a standing analysis. *Central Delta Water Agency*, 306 F.3d at 948. The Court finds the facts of this case to be readily distinguishable from *Central Delta Water Agency* as this case fails to present allegations related to environmental injury.

In *Honig*, the Supreme Court specifically analyzed whether that case was moot under the "capable of repetition, yet evading review" exception to the mootness doctrine. *Honig*, 484 U.S. at 319. The Ninth Circuit has clearly distinguished the mootness doctrine from the standing doctrine. Specifically, the Ninth Circuit has held,

> While, as we have discussed, the standards for evaluating the threat of future harm under the standing and mootness doctrines are similar, the "capable of repetition but evading review" doctrine is an exception only to the mootness doctrine; it is not transferable to the standing context. This exception governs cases in which the plaintiff possesses standing, but then loses it due to an intervening event.

*Nelsen v. King Cty.*, 895 F.2d 1248, 1254 (9th Cir. 1990); *see also Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 794 (9th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998)). Therefore, Plaintiff cannot prove an injury in fact by relying on the "capable of repetition but evading review" exception to the mootness doctrine.

Federal courts have long required a plaintiff to "show that [s]he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (citations omitted). Though there is no precise definition for the injury required to prove

standing, the Ninth Circuit has found that statistics of future potential harm are insufficient. *Nelson*, 895 F.2d at 1250. "[W]hat a plaintiff must show is not a probabilistic estimate that the general circumstances to which the plaintiff is subject may produce future harm, but rather an individualized showing that there is 'a very significant possibility' that future harm will ensue." *Id.* (citations omitted).

Plaintiff did not meet her burden to show injury in fact as required by the standing doctrine. Plaintiff attempts to prove injury in fact by showing that she is 35 to 40 percent more likely to be involved with a CPS investigation given her previous involvement in the child welfare system. Dkt. # 36 at 3. This is too attenuated to constitute an injury in fact for Article III standing. The argument presupposes that an allegation will be made that triggers a CPS investigation, and that the investigation will result in a founded finding that will appear on Plaintiff's record viewable to employers. Similar to *Nelson* and *Lyons*, the facts here do not rise to the level of injury in fact necessary to invoke this Court's jurisdiction.

The Court **GRANTS** Defendants' motion for summary judgment based on Plaintiff's failure to prove she has satisfied the requisite injury element in the standing analysis. Because the Court finds that Plaintiff does not have standing, it lacks jurisdiction to analyze the merits of Plaintiff's due process claim. Accordingly, the Court **DENIES** Plaintiff's motion for summary judgment based on its conclusion regarding her failure to prove standing.

### IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion for summary judgment (Dkt. # 27) and **DENIES** Plaintiff's motion for summary judgment (Dkt. # 23).

Dated this 19th day of December, 2017.

The Honorable Richard A. Jones
United States District Judge