HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BEVERLY SUMANTI,

    Plaintiff,

v.

CHERYL STRANGE, in her official capacity as Secretary of the Washington State Department of Social and Health Services; DAVID RICHARDS,

    Defendants.

CASE NO. C17-80 RAJ

ORDER

This matter comes before the Court on Plaintiff's motion to amend judgment. Dkt. # 46. For separate reasons, Defendants agree that the Court should amend the judgment. Dkt. # 47. For the reasons that follow, the Court **GRANTS** the motion.

**I.    BACKGROUND**

The Court outlined the relevant facts of this case in its prior Order and will not reiterate those facts here. *See* Dkt. # 44. However, in that Order, the Court failed to address Defendant David Richards's qualified immunity defense. *See* Dkt. # 27. Both

ORDER- 1

parties find error in the absence of this analysis and move the Court to amend its Order to address the qualified immunity defense.

## II. LEGAL STANDARD

Rule 59(e) allows a plaintiff to file a motion to alter or amend a judgment "no later than 28 days after the entry of judgment." Fed. R. Civ. Proc. 59(e). Although a district court may extend filing times for good cause, Rule 6(b)(2) expressly prohibits the court from extending time to act under Rule 59(e). Fed. R. Civ. Proc. 6(b)(2). A rule 59(e) motion "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (emphasis in original).

## III. DISCUSSION

*A. Qualified Immunity*

Government officials are generally entitled to qualified immunity when performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Whether the officials are entitled to qualified immunity depends on (1) whether the facts that the plaintiffs have alleged or shown make out a constitutional violation and, (2) if so, whether the constitutional right at issue was clearly established at the time of the violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *but see Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (finding that courts may use their "discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."). A "clearly established" right "must be sufficiently clear that a reasonable

official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640.

Here, even if there were a due process right at issue, that right was not clearly established with regard to Mr. Richards. Mr. Richards approved the investigation and signed the findings letter. There is no evidence that Mr. Richards knew that Plaintiff would not respond to or appeal the finding. Plaintiff makes leaps—unsupported by relevant case law—to land at the conclusion that Mr. Richards was somehow on notice that his actions would directly impact Plaintiff's employment or result in automatic deprivation.

Plaintiff's overreliance on *Chalkboard* is misplaced. There, the defendants failed to follow specific legislation that addressed how the Department of Health Services must act when dealing with conditions that present possibilities of serious harm to children. *Chalkboard, Inc. v. Brandt, et al.*, 902 F.2d 1375, 1382 (9th Cir. 1989). In failing to follow the statute, defendants in *Chalkboard* did not provide the proper notice to the plaintiff. *Id.* This is immediately distinguishable from the facts of the instant case, in which Mr. Richards followed the correct protocol. For these reasons, the Court finds that Mr. Richards is entitled to qualified immunity and therefore dismisses the claim for monetary damages against him.

*B. Standing*

The Court denies Plaintiff's motion to the extent she seeks reconsideration of the Court's standing analysis. Plaintiff does not raise new evidence or show clear error on behalf of the Court. Instead, she reasserts her arguments in favor of standing. Mere disagreement with the Court is not enough to grant her relief under Rule 59(e).

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to alter or amend the judgment to the extent that the Court erred in not addressing Mr. Richards'

qualified immunity defense.  Dkt. # 46.  The Court dismisses the claim for monetary damages against Mr. Richards.

Dated this 5th day of June, 2018.

*(signature)*

The Honorable Richard A. Jones
United States District Judge